IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Phillip Charles Gibbs,
   Petitioner,

-against-

Jeff Woods, Warden,
   Respondent.
_____/

Case: 2:14-cv-14028
Judge: Leitman, Matthew F.
MJ: Komives, Paul J.
Filed: 10-20-2014 At 03:05 PM
HC GIBBS V. WOODS (DA)

PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 2254, Petitioner Phillip Charles Gibbs, Petition this Honorable Court to GRANT him a Writ of Habeas Corpus for the following reason(s):

1. Petitioner Phillip C. Gibbs is a Citizen of the United State in Michigan, currently incarcerated in Chippewa Correctional Facility, Kincheloe, Michigan.

A. Petitioner is being held Unconstitutionally by Respondent(s) People of Michigan under the Care of Jeff Woods, Warden of Chippewa Correctional Facility.

2. Petitioner is being held in prison for 2 Count(s) of Armed Robbery, 1 Count of Unarmed Robbery, 1 Count of Conspiracy to Commit Armed Robbery.

A. On July 2, 2011, a five day Jury Trial was held before the Honorable Judith A. Fullerton. Case No. 11-28140-FC

B. Petitioner was Sentence to 17.5 Years to 30 Years for each Count of Armed Robbery, 17.5 to 30 Years for 1 Count of Conspiracy of Armed Robbery 8 Years to 15 Years for the Count of Unarmed Robbery.

3. Petitioner Exhausted State Court remedies by filing a timely Appeal of Right with the Michigan Court of Appeals Case No.#306124

A. The First Application for Right(s) of Appeal was Remanded to the Trial Court for an Evidentiary Hearing to expand and establish a Record. Based on the Court Closing the Court Room to the Public during Voir Dire.

B. The Trial Court refuse to Conduct an full Evidentiary Hearing.

C. After Remand on Feb. 14, 2013, a Different Panel change the First Panel Judgment and Affirmed the Conviction(s) creating a Conflict with in the Opinion(s).(See: Case No.306124)

D. On November 6, 2013, the Michigan Supreme Court denied Leave to Appeal Case No. 146937.

4. There have been No Appeals regarding the above Conviction(s) and Petitioner has never Petitioned for Federal Habeas Corpus Relief. Nor is there any Appeals or Proceedings presently Pending in any Federal or State Court(s).

A. Petitioner was Represented in the Trial Court by Attorney Jeffery Skinner.

B. Petitioner was Represented on Appeal of Right(s) by Attorney Brandy Robinson.

C. Petitioner was Represented on Remand by Attorney Brandy Robinson.

D. Petitioner was Represented on Application in the Michigan Supreme Court for Leave to Appeal by Attorney Randy Davidson.

ISSUE-I

5. The Petitioner(s) Sixth Amendment Right(s) to a Public Trial was violated by the Closure of the Court Room and excluded Members of his Family and the Public from Jury Selection(s).

A. The Michigan Court of Appeals Granted the Motion to Remand and afforded the Petitioner an Opportunity to (1) Develop the Record(s) by taking Testimony and Evidence regarding the Closure of the Court Room and (2) Examine Counsel(s) reason(s) for failing to Object. The Motion directed among other things that the Trial Court conduct an Evidentiary Hearing on the Closure of the Court Room during Voir Dire.

B. On Remand the Trial Court acknowledge that once the Jury Selection starts the Court Room is Closed and stated that it gets to confusing if she was to allow individuals to come and go during Jury Voir Dire and then she refused to Conduct a Full Hearing on the issue of the Closure of the Court Room during Voir Dire as Order by the Michigan Court of Appeals. (See Hearing Transcripts 7-16-12 Pg.8 and Appendix)

6. As a result of the Trial Court Refusal, the Petitioner(s) Appellate Counsel could not develop a Record as to whether(1) Defense Counsel ever knew that the Court Personnel Out Side of the Court Room had Excluded the Petitioner(s) Family from Jury Selection, as well as the Public which triggered Plain Error Review instead of Automatic Reversal.

A. After the Plain Error Review of the issue to Closure of the Court Room, during Voir Dire the Michigan Court of Appeals held that the Petitioner was not entitled to a New Trial because he Failed to satisfy the Fourth Prong of the Plain Error Standard. (See: Michigan Court of Appeals Opinion)

3

ISSUE II

7. Petitioner was Prejudice by the Violation of his Fifth Amendment Right to Remain Silent, and the Prosecutor used Defendant Pre-Arrest Silence to Impeach Exculpatory Testimony at Trial. The Prosecutor then referred to the Silence during his Closing Argument. (See: Trial Transcripts 7-6-11, Pg.128-129)

ISSUE III

8. Petitioner right to Due Process of Law was Denied by refusal to Correct Guidelines Scoring Mistakes and correcting the Mistakes would substantially Reduce the Guidelines Range.

A. On the Remand Order from the Michigan Court of Appeals the Trial Court acknowledge the Guidelines-Scoring Mistake of PRV-5, but as to PRV-7 and OV 13 the Court conclude it did not Error in the Scores. After correcting the PRV-5. The Court would not re-sentence the Petitioner because it would be inclined to give the same Sentence. (See: Hearing 7-16-12)

9. The Conviction Sentence under which Petitioner is imprisoned are Unlawful, Unconstitutional, and Void because of Violation of Petitioner(s) Right(s) to a Public Trial, Due Process and Rights to Remain Silent. Which are Guaranteed by the Constitution of the United States and those Violations are not mere Irregularities, but are Major Constitutional Violations which Deprive; Petitioner of Fundamental Fairness and Cast Doubt on the Fairness and Reliability of the Verdict and resulted in the Conviction of a Person who, though not innocent of all involvement is innocent of the Crime Convicted of.

10. This Court has Jurisdiction over this Petition and the issues raised pursuant to 28 U.S.C. § 2254 because Petitioner is being held in violation of the Constitution and Laws of the United States pursuant to a decision that was Contrary to and involved an Unreasonable Application of Federal Law(s) as determined by the Supreme Court of the United States.

11. Petitioner files the Petition for Writ of Habeas Corpus within One (1) Year of his conviction(s) being Final by an Order of the Michigan Supreme Court Denying Leave to Appeal.

A. Petitioner Incorporates his Memorandum in Support.

I, Declare under 28 U.S.C. § 1746 under the Penalty of Perjury that the above Statement(s) are True to the Best of my Personal Knowledge and Belief. Date:     Sign:
                                10-6-14    *Phillip C. Gibbs*

Respectfully Submitted
Gibbs #810512
Chippewa C.F.
4269 W M-80
Kincheloe, Michigan 49784

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Phillip Charles Gibbs,   Case No.
    Petitioner,   Hon.
-against-
Jeff Woods, Warden,
    Respondent.
_____/

MEMORANDUM IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS RELIEF

Statement of Facts

On July 7. 2011, following a Five Day(s) Jury Trial before the Honorable Judith A. Fullerton of the Genesse County Circuit Court, a Jury convicted the Petitioner of two (2) Counts of Armed Robbery, One (1) Count of Un-armed Robbery, and One (1) Count of Conspiracy to Commit Armed Robbery arising out of the Robbery of Three (3) People at a Flint Pawn Shop. (Trial Transcripts 7/7/11, Pg 59-60)

At Sentencing the Petitioner was Ordered to serve Concurrent Sentences at the very top of his Guidelines of 17.5 Years to 30 Years imprisonment for the Armed Robbery and Conspiracy charges and 100 Months to 15 Years imprisonment for Unarmed Robbery. (See: Sentence 8/15/11 Pg.25-26).

As a part of his Appeal of Rights, the Petitioner Timely Filed a Brief on Appeal with the Michigan Court of Appeals, with a Motion to Remand on May 23, 2012.

The Court of Appeals Granted the Motion to Remand and Ordered the Trial Court to hold a Evidentiary Hearing. Based on the Closure of the Court Room during Voir Dire.(See:Order of the Court of Appeals 6/20/12)

On the Remand the Trial Judge refuse to complete the Evidentiary Hearing on the very issue that the Hearing was Ordered for which was Clearly the Closure of the Court Room during Jury Selection (See: Hearing 7/6/12, Pg 10).

However since the Unawareness of the Closure was not Officially made Part of the Record it was Reviewed as Plain Error instead of Structural Error(s) (Automatic Reversal).

After Remand the Appeal was reviewed by a different Panel of Judges who excused the Trial Court for refusing to conduct an full Hearing. The second Panel of Judges also undermined the Court Order that was given to the Trial Court by the First Panel of Judge(s). By saying even if we were to find Error based on the Trial Courts admitted refusal to allow individuals to enter the Court Room once it has started, Gibbs is not entitled to a New Trial or Evidentiary Hearing.(See:Court of Appeals Opinion Pg.4).

On November 6, 2013, the Michigan Supreme Court, denied Leave to Appeal. Case No. 146937.

ARGUMENT I

The Petitioner(s) Sixth Amendment Right to Public Trial was Violated by the Closure of the Court Room and Excluding the Public and Family Member(s).

Trial Counsel did not object to the Closing of the Court Room during Voir Dire. Accordingly the Plain Error Standards of Review was Applied. See People v. Carines, 460 Mich 750,763; 597 NW2d 130 (1999). However in United States v Gupta, 699 F3d 682 (CA 2. 2012). The Second Circuit held that the Defendant did not forfeit his Courtroom Closure claim where it did not appear Defense Trial Counsel was aware of the Closure at the time it happened and the Record was at best Undeveloped."(Pg.-689-690)

The Sixth Amendment Direct that "In all criminal prosecutions, the accused Shall enjoy the Right to a Speedy and Public Trial... "US Const; AM VI (emphasis added) this Right Applies to State Prosecutions under the Fourteenth Amendment In re Oliver, 333 US 257, 273; 68 Sct 499; 92 LEd 682 (1948). The policy considerations underlying the Right to a Public Trial are compelling. The requirement of a Public Trial for the benefit of the accused; that the Public may see that he is Fairly dealt with and not unjustly condemned and that the presence of interested spectators may keep his trier keenly alive to a sense of their responsibility and the importance of their functions..."Waller v Georgia, 467 US 39, 46; 104 Sct 2210; 81 LEd 2d 31(1984) (quoting In re Oliver, supra as 270, n 25.

In a per curiam decision, the United States Supreme Court noted unequivocally that the Right to an open Courtroom applies to the Jury Selection phase of the Trial and in particular, the examination of prospective Jurors. Presly v Georgia, 558 US 209; 130 Sct 721, 725; LEd 28 675(2010). This holding does not create a New Right; it simply re-affirms what the Court Recognized 28 Years ago in Waller

v Georgia Supra.

The Beneficiary of the Right to a Public Trial is both the accused and the Public-at-large. The right is grounded in the Sixth Amendment. Gannett Co v De Pasquale, 443 US 368 380; 99 Sct 2898; 61 LEd 2d 608(1979) as well as the First Amendment. (See: Press-Enterprise Co. v Superior Court, 478 US 1; 106 Sct 2735; 92 L2d 1 (1986).

Presly remphasized that "Trial Courts must take every reasonable measure to accommodate Public attendance at criminal trial. "including Jury Selection. Id at 724.

What is obvious from the Courts discussion is that the First and foremost "Obligation" is the duty to ensure the Courtroom is Open and not unduly restricted by staff or Court Officers given the purposes of the Public Trial Right Articulated in Waller, it follows that the "Integrity and Public Reputation of the Judicial Proceedings" Is Damaged when Jury Selection is Closed to the Public.

In this present case the trial court mentioned at the commencement of the Jury Selection "If Any Spectators would like to come in their Welcome, yet Affidavits submitted by Several Members of the Petitioner Family in Support of the claim suggest that Court Personnel told them the exact Opposite. The Petitioner(s) Mother, Sister and Brother-in-Law all attested that they, Members of the Co-defendant Family and other Members of the Public was prevented from Entering the Courtroom during Jury Selection.

On Remand the Trial Court acknowledge that indeed, once Jury selection begins, it is her Personal Policy to close the Court Room. [ Hearing 7/16/12] She disclaimed any duty on her part to "troll in the Halls for spectators." or go out and "lasso [People] with a rope" to bring them in, but reaffirmed that "if someone comes after we've started Selecting the Jury,

they will not be allowed in that's absolutely right."

However not with standing the Michigan Court of Appeals order directing that the "Trial Court conduct an Evidentiary Hearing," the Trial Court refused to do so and stated "if what I did was a violation then I violated " [Hearing 7/16/12 Pg.8]

## GRANT OF WRIT

WHEREFORE: Petitioner Phillip Charles Gibbs Moves this Honorable Court to Grant the following relief:

A. Accept Jurisdiction over this case.

B. Require the Respondents to Answer the Allegation in this Petition and the Memorandum of Law(s).

C. Issue an Order that this Court will Grant a Writ of Habeas Corpus unless the State hold a New Trial within a specified time; And

D. Issue an Appointment of Counsel for further proceedings.

E. Issue a Writ of Habeas Corpus Freeing Petitioner from his Unconstitutional Confinement.

Respectfully Submitted
Phillip Charles Gibbs #810512
Chippewa C.F.
4269 W M-80
Kincheloe, MI 49784

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 14-14028 | Judge: Leitman | Magistrate Judge: Komives |
|---|---|---|

**Name of 1st Listed Plaintiff/Petitioner:**
PHILLIP CHARLES GIBBS

**Name of 1st Listed Defendant/Respondent:**
JEFF WOODS

**Inmate Number:** 810512

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

CHIPPEWA COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases