UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP CHARLES GIBBS,

Petitioner,

Case No. 14-cv-14028
Hon. Matthew F. Leitman

JEFFREY WOODS,

Respondent.
_______________________________/

**ORDER DENYING PETITIONER'S MOTION TO AMEND (ECF #10) BUT STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE**

On October 20, 2014, state prisoner Phillip Charles Gibbs ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) The Petition contains claims concerning the partial closure of the courtroom at Petitioner's criminal trial, the use of his pre-arrest silence against him during his trial, and the validity of his sentence. Respondent has filed an answer to Petition (*see* ECF #7) and the state court record (*see* ECF #8), and Petitioner has filed a reply to that answer (*see* ECF #9). The matter is now before the Court on Petitioner's motion to amend or temporarily dismiss the Petition to allow him to add a new, unexhausted claim that his trial counsel was ineffective for failing to object to a partial courtroom closure during jury voir dire (the "Motion"). (*See*

ECF #10.) Respondent has not answered the instant motion.

A federal court has discretion to allow amendment of a habeas petition once a responsive pleading has been filed. *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. Rule Civ. Proc. 15(a); *Rose v. Lundy*, 455 U.S. 509, 520-21 (1982). However, it is well-settled that a state prisoner filing a habeas petition under 28 U.S.C. § 2254 must exhaust available state court remedies as to *all* of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). While the exhaustion requirement is not jurisdictional, a

"strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

In this case, Petitioner admits, and the record reflects, that he has not exhausted his newly proposed ineffective assistance of counsel claim in the state courts. Because this claim is unexhausted, the Court will not allow Petitioner at this time to amend the Petition to add the claim. Accordingly, the Court **DENIES** Petitioner's motion to amend his habeas petition.

In the alternative, Petitioner requests a "temporary dismissal" of the Petition so that he can return to the state courts to exhaust his ineffective assistance of counsel claim. The Court construes this request as a motion to stay the proceedings and hold the Petition in abeyance. A federal court has discretion to stay a habeas proceeding to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (acknowledging court's discretion to stay and setting forth criteria for stay).

The Court finds that a stay is warranted in this case. First, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), could pose a concern if the Court were to dismiss this action, albeit without

prejudice, while Petitioner exhausts his new claim in the state courts. Second, Petitioner alleges that the state trial court refused to explore his trial counsel's conduct relative to the courtroom closure issue during the remand hearing, which arguably could establish cause for his failure to exhaust the claim on direct appeal. Third, the unexhausted claim does not appear to be plainly meritless. Fourth, there is no evidence of intentional delay. Lastly, the Court notes that the parties have already submitted pleadings and the state court record – and the Court has conducted a preliminary review of those materials. Given such circumstances, a stay of the proceedings, rather than a dismissal of the petition, is warranted. Accordingly, the Court **STAYS** these proceedings and holds the Petition in abeyance pending Petitioner's exhaustion of state court remedies as to his additional claim.

The stay is conditioned on Petitioner presenting the unexhausted claim to the state courts within **60 days** of the filing date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court, with a motion to reopen and amend the petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254

F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the Petition may be dismissed. Finally, this case is **CLOSED** for administrative purposes pending compliance with these conditions described above.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113