UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
FOR MICHIGAN

Phillip Charles Gibbs
    Petitioner,

vs.

JEFFERY WOODS
   RESPONDENT,
_____/

AMENDED PETITION

Honorable Matthew F. Leitman
Magistrate Paul J. Komives
Case No.#14-cv-14028



FILED
MAR 27 2017
CLERK'S OFFICE
U.S. DISTRICT COURT

    The petitioner's position is that the trial judge prevented him from having Effective Assistance of Counsel. By the way of not disclosing her decision to have the courtroom closed to the public. The Petitioner contends that the trial Court statement at the commencement (TT. 6/20/11 at.4) Lead his counsel to believe the proceeding was open to spectators. Yet, on Remand the trial judge admitted to have given the bailiff orders to reject spectators who was not there when it began. (Remand Trns 7/16/12 at 5-6.8). She also states, "if what I did was an violation then I violated". (Remand Trns at 13-17, 8).

    The decision to deny public access was never placed on the record. The petitioner contends this silent decision to deny public access to the courtroom was an Abuse of Descretion , and it violated his fundamental right to a public trial. While simultaneously violating his fundamental right to effective assistance of counsel. Since counsel was prevented from objecting to the violation of the right to a public trial. Thus making the two violations inseparable. A second example of the trial judges abuse of Descretion is when she prevented the petitioner's appellate counsel from being effective as well.

(1)

The petitioners appellate counsel repeatedly attempted to have the trial counsel Mr. Skinner, the courtroom personnel, and the petitioners witnesses to expand the record. (Remand Trns. pg.5 line 1-6; pg.9 line 12-15). The trial judge refused to allow them, notwithstanding the order of the Michigan Court of Appeals to hold an evidentiary hearing concerning the the closure.

In cases inwhich the government acted in a way that prevented defense counsel from functioning effectively, we have refused to require the defendant in order to obtain a new trial to demonstrate that he was injured. Glasser v. United States 315 U.S. 60, 75-76. The court has uniformly found constitutional error without showing any prejudice when counsel was either totally absent, or was prevented from assisting the accused during the critical stage of the proceeding. See Geders v. United States, 425 U.S. 80 (1976); Herring v. New York, 422 U.S. 853 (1975); Brooks v. Tennessee, 406 U.S. 605, 612-13 (1972).

Circumstances of that magnitude may be present it goes on the same occasion when although counsel is available to assist the accused during trial the likely hood that any lawyer even fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into active conduct of the trial (United States v. Cronic, 466 U.S. 648); see Powell v. Alabama, 287 U.S. 45 (1932) it was such a case. see Murry v. Carrier, 477 U.S. 478. Cause for the procedural default exist where "something external" to the petitioner, something that cannot be fairly attributed to him impeded his efforts to comply with the states courts procedural rule.

The Supreme Court has recognized that cause can be found where counsel did not know and with reasonable diligence could not have discovered the factual

(2)

predicate for the claim at the time of the alleged procedural default. see Strickler v. Greene, 527 U.S. 263. Of all the rights that an accused person has, the right to effective counsel is by far the most pervasive for its affects his ability to assert any other right he may have. And for that reason the petitioner's trial was extremely outside the realm of fundamental fairness.

The Petitioner now addresses the issue of being denied a Public Trial since it has been shown they are directly related and inseperable.

The petitioner respectfully ask this Honorable court to "Consider" a decision made in the second circuit. The petitioner contends that the case is the nearest in contrast to his. In Gupta 650 F.3d 863; 2011 U.S. App Lexis 12386: 39 media L. Rep 1913, the defense counsel did not object to the closure of the courtroom. It had been clear that the courtroom was actually closed, It had also been clear his family members were prevented from entering the courtroom. All of the above happened in both cases. Quoting Barrington D. Parker dessenting. **This case involves the undisclosed exclusion of the public by the trial judge from the entire voir dire** in a criminal trial in a federal court. The closure was not requested by anyone and the government readily concedes that the courtroom should not have been closed. Neither defense counsel nor government was advised that the closure occurred. The closure did'nt come to light until nearly 2 years after trial, and the circumstances surrounding the closure did'nt come to light until the Remand.

Judge Parker also dissented:

> Although other courts have recognized narrow de minimis exceptions to the 6th Amendment public trial right, no other court has come close to blessing an undisclosed complete, unrequested, and intentional closure of an entire voir dire.

(3)

The second circuit went on to grant relief in United States v. Gupta, 699 F3d 682. The petitioner understands that a federal court may not find clearly established federal law in circuit level decisions. But the Supreme Court has never held that a federal court may not consult circuit level decisions for the extremely narrow purpose of determining whether Supreme Court precedent clearly establishes a particular principle. see Pouncy v. Palmer, 2015 U.S. Dist. Lexis 106485. The petitioner contends that his case is very distinguishable from the normal cases of public trial issues where there was no objection cases like Pouncy v. Palmer supra., Johnson v. Sherry, 586 F3d 439 (6th Cir. 2009); see Peretz v. United States, 380 U.S. 29, 35 (1965) Levine v. United States, 556 U.S. 129, 134 (2009). Stern v. Marshall, 131 SCt 2594, 2608 (2011). All the mentioned cases were afforded the opportunity to object and did not. The petitioner asserts the fact that he was never afforded the opportunity to object at all, again taking his trial extremely outside the realm of fundamental fairness.

The Supreme Court has noted the constitution requires that every effort be made to see to it that a defendant in a criminal case has not unknowingly relinquished the basic protections that the framers thought indespensable to a fair trial. Schneckloth v. Bustamonte, 412 U.S. 218, 241-42 36 Led.2d 854, 93 SCt. 2041 (1973). The Supreme Court has also noted that the right to a public trial also concerns the right to a fair trial. Waller, 467 U.S. at 46 (the requirement of a public trial is for the benefit of the accused; the public may see he is "<u>FAIRLY DEALT</u>" with and not unjustly condemned. So like all other fundamental trial rights. The right to a public trial may be relinquished only upon a showing that the defendant knowingly, and voluntarily waived such a right.

Furthermore, the petitioner brings to the court attention the treatment of an co-defendant in Waller, named "Clarence Cole" where his counsel unlike the petitioner's had the opportunity to object and did not. Yet, the Supreme Court

(4)

found error and concluded that his right to a Public trial had been violated. see Waller, supra.

### RELIEF REQUESTED

Each of the courts errors prevented the petitioner from being tried fairly and requires his conviction to be set aside. Together, the effect of the errors had significantly prejudiced the petitioner. The court should set aside this conviction and order a new trial. The state courts decision, both contradicts an unreasonably applied clearly established Federal Law.

Phillip Charles Gibbs #810512

*Phillip Gibbs*   3-20-17

(5)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN             CASE NO. 11-028140-FC
    Plaintiffs,

v.                                           JUDGE JUDITH A. FULLERTON

PHILLIP CHARLES GIBBS
    Defendants.


A TRUE COPY
Genesee County Clerk

### ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

On July 7, 2011, defendant Gibbs was found guilty by a jury of two counts of Armed Robbery, one count of Unarmed Robbery, one count of Conspiracy to Commit Armed Robbery, and one count of Assault with Intent to Rob Armed. He was sentenced to prison terms on all five counts on August 15, 2011.

He applied for the appointment of an appellate attorney at public expense and received the services of the State Appellate Defender's Office. That attorney sought and received an order from the Michigan Court of Appeals remanding the case so that a motion for resentencing and for a new trial could take place before this court. This court was also asked to conduct an evidentiary hearing based on the closure of the court room during voir dire. (See COA Order dated June 20, 2012) Attorney Brandy Y. Robinson filed a motion for a new trial, and resentencing on July 3, 2012. The people filed a response to the defendant's motion on July 13, 2012.

An evidentiary hearing was held on July 16, 2012, regarding the circumstances of the closure of the courtroom during voir dire. A transcript of that hearing was prepared and filed in accordance with the Court of Appeals remand order.

On appeal to the Court of Appeals, Gibbs argued, *inter alia*, that this court violated his right to a public trial entitling him to an automatic reversal. His claim of error was rejected in an opinion issued on February 14, 2013, and published at 299 Mich App 473, (2013). Thereafter, on November 6, 2013, the Michigan Supreme Court denied his application for leave to appeal.

On February 19, 2016 defendant, *in pro per*, filed a motion for relief from judgment again raising the claim that his right to a public trial was violated and that his right to effective assistance of counsel was violated because the court did not announce or post written signs that the courtroom was open to the public although the Court on the record stated, prior to having the jury panel brought to the courtroom with both trial counsel present, i.e. Assistant Prosecuting Attorney Phillips and defense counsel Jeffrey Skinner:

> ...if any spectator would like to come in they're welcome but they do have to sit over here by the law clerk, not in the middle of the pool.
> (see Court File, Trial Transcript, Vol. I, p 4)

The burden of proof on a motion for relief from judgment is on the defendant. [MCR 6.508(D)]

The Court may not grant relief to the defendant if the motion:

> ...
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal ... unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
>
> ...

The Court of Appeals has determined the trial court made no error. See *Gibbs, supra*, 482. Therefore, defendant's trial counsel's failure to object to the alleged erroneous partial closing of the courtroom during voir dire does not establish ineffective assistance of counsel. *People v. Trupiano*, 97 Mich App 416 (1980). The defendant has not shown that his trial counsel was in any way ineffective, and has not cited any

2

retroactive change in the law that undermines the decisions of the Michigan Court of Appeals and the Michigan Supreme Court.

The Motion for Relief from Judgment is accordingly DENIED.

Dated: March 14, 2016

_____
Judith A. Fullerton
Circuit Judge

Cc: Prosecutor
     Phillip Charles Gibbs

3

RECEIVED by Michigan Court of Appeals 7/3/2012 3:54:02 PM

STATE OF MICHIGAN

IN THE GENESEE COUNTY CIRCUIT COURT

PEOPLE OF THE STATE OF MICHIGAN

        Plaintiff-Appellee,

-vs-

**PHILLIP CHARLES GIBBS**

        Defendant-Appellant.

_____/

**Court of Appeals No.** 305939

**Lower Court No.** 11-28140FC

## MOTION FOR NEW TRIAL, RESENTENCING AND TO INITIATE REMAND PROCEEDINGS

Defendant-Appellant **PHILLIPS CHARLES GIBBS**, through his attorneys, the **STATE APPELLATE DEFENDER OFFICE**, by **BRANDY Y. ROBINSON**, respectfully moves for a new trial, resentencing, and to initiate remand proceedings and says in support:

1.  Mr. Gibbs makes two additional objections to his sentence and seeks to develop his claim that he was denied his right to a public trial. Trial counsel did not raise these issues at trial or sentencing, but guidelines objections may be made for the first time in a motion for resentencing. Alternatively, Mr. Gibbs argues that his trial counsel was ineffective for acquiescing to the trial errors, and for failing to challenge the illegal sentence. *See Brief in Support of Motion to Remand.*

2.  As to the scoring errors, Mr. Gibbs challenges PRV-5 and PRV-6, based in part upon the attached affidavit of counsel. Trial counsel interposed a timely objection to the scoring of OV-13.

3.  As to the public trial claim, Mr. Gibbs relies on the attached affidavits of members of his family to challenge (1) the Court's *de facto* policy of excluding members from the public during *voir dire* and (2) counsel's ineffectiveness for failing to ensure that Mr. Gibbs' family and other members of the public were not improperly pushed out of the courtroom.

2

RECEIVED by Michigan Court of Appeals 7/3/2012 3:54:02 PM

4.   The Court of Appeals has entered an order directing the Court to allow the Defendant to seek the relief requested herein, and to hold an evidentiary hearing on the closed courtroom issue.

**WHEREFORE**, Defendant-Appellant respectfully requests that this Honorable Court grant the instant motion and afford him an opportunity to (1) develop the record by taking testimony and evidence regarding the closure of the courtroom, (2) examine trial counsel's reasons for failing to object to this error, and (3) grant resentencing on the basis of his improperly scored guidelines under PRV-5 and PRV-6.

Respectfully submitted,

**STATE APPELLATE DEFENDER OFFICE**

BY:  _/s/ Brandy Y. Robinson_
BRANDY Y. ROBINSON (P66895)
Assistant Defender
3300 Penobscot Building
645 Griswold
Detroit, Michigan 48226
(313) 256-9833

Date: July 2, 2012

3

# Court of Appeals, State of Michigan

## ORDER

People of MI v Phillip Charles Gibbs

Docket No. 334968

LC No. 11-028140-FC

Henry William Saad
Presiding Judge

Deborah A. Servitto

Elizabeth L. Gleicher
Judges

The Court orders that the motion to waive fees is GRANTED and fees are WAIVED for this appeal only.

The delayed application for leave to appeal is DENIED because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment.

*/s/ Henry William Saad*
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

DEC 2 2 2016
Date

*/s/ Jerome W. Zimmer Jr.*
Chief Clerk



# Michigan Supreme Court
## Office of the Clerk
Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909
Phone (517) 373-0120

February 24, 2017

PHILLIP GIBBS
#810512
4269 W M-80
KINCHELOE, MI 49784

RE:   *People v Gibbs*, CoA 334968 (12/22/2016 CoA order)

Today, this office received pleadings from you. We are not able to file them because your pleadings were received beyond the rule-prescribed time limitation. See MCR 7.305(C)(2): filing deadline is 56 days from the Court of Appeals decision in criminal cases. "Late applications will not be accepted …." MCR 7.305(C)(4). "The Court will not accept for filing a motion to file a late application for leave to appeal …." MCR 7.316(B).

Because the Court Rules provide for **no exception** to the time limitation,[1] the originals of your papers are herewith returned and the Court will not accept any further pleadings with respect to this matter.

Respectfully,
/s/ *Inger Z. Meyer*
Deputy Clerk

IZM
cc: D Leyton P35086

---

1 MCR 7.305(C)(4) creates a prison mailbox rule that deems a prisoner's application for leave to appeal in a *criminal* matter presented for filing on the date of deposit in the correctional institution's outgoing mail. But the time limitation remains the same. Here, signed pages of your application are dated 02/21/2017, which was after the 02/16/2017 deadline.

PHILIP GIBBS # 810512
CHIPPEWA Corr. Fac.
4269 W. M-80
Kincheloe, MI 49784

no Postmark - DP

RECEIVED
MAR 27 2017
CLERK'OFFICE
DETROIT

FILED
MAR 27 2017
CLERK'S OFFICE
U.S. DISTRICT COURT

United States District Court
Clerk's office
231 LaFayette Boulevard
Detroit, MI 48226